1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CERTAIN UNDERWRITERS AT
LLOYDS LONDON,

          Plaintiff,

  v.

CALIFORNIA MORTGAGE AND
REALTY, INC., and DAVID CHOO,

          Defendants.

_____/

No. C 11-00724 WHA

**ORDER DENYING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE
PLEADINGS AND VACATING HEARING**

**INTRODUCTION**

     In this insurance-coverage dispute, plaintiff moves for judgment on the pleadings, arguing

it has no obligation to provide a defense to defendants in underlying litigation.  For the reasons

stated below, the motion for judgment on the pleadings is **DENIED**.

**STATEMENT**

     Defendants California Mortgage and Realty, Inc., and David Choo, president of CMRI,

purchased a Mortgage Bankers and Mortgage Brokers Professional Liability Insurance Policy

from plaintiff Certain Underwriters at Lloyds, London, effective July 1, 2008 (Amd. Compl. Exh.

M).  The complaint herein requests declaratory relief that there is no coverage under the policy

due to defendants — and thus no duty to defend or indemify defendants — for eight demands and

lawsuits, which underlying demands and complaints are appended to the complaint.  In brief, the

underlying demands and complaints claim myriad violations of law in defendants' role investing

on behalf of the underlying claimants in mortgage-loan-based funds.

The policy states that plaintiff has a "duty to defend a suit brought against any insured for covered wrongful acts."  A wrongful act is defined as "any actual or alleged negligent act, negligent error, or negligent omission, committed, omitted, or attempted . . . solely in [defendants'] performance of professional services."  Covered professional services include "services conducted on behalf of others in the ordinary course of the insured's activities as a mortgage banker or mortgage broker which constitute [] origination, counseling, underwriting, processing, marketing, warehousing, closing, selling, or servicing of mortgage loans secured by real property . . ."  Servicing refers to conduct "on behalf of others pursuant to a written contract for a fee," including "remitting principal and interest to investors owning the loans" (Amd. Compl. Exh. M, Dkt. No. 6-14 at 9 and 15–17).

The policy includes various exclusions from coverage as well, including the following, among those now invoked by plaintiff, for claims "arising out of or resulting, directly or indirectly, from":

> [Any] purchase, sale, offer of or solicitation of an offer to purchase or sell securities, or violation of any securities law
>
> (Section 3(d)(1)).

> [A]n insured providing investment advice, or selecting an investment manager, investment advisory or custodial firm
>
> (Section 3(u)(2)).

> [A]n insured advising as to, warranting, promising or guaranteeing a future value of any investment or property, or any rate of return or interest
>
> (Section 3(u)(3)).

> [A]ny failure of any investment to perform as expected or desired
>
> (Section 3(u)(4)).

> [A]ny security holder's or investor's interest in securities or obligations backed by mortgage loans, including, but not limited to, mortgage-backed securities, mortgage pass-through certificates, collateralized mortgage obligations or the filing of any registration statement in connection therewith
>
> (Section 3(hh)).

(Amd. Compl. Exh. M, Dkt. No. 6-14 at 18–22).  Plaintiff now moves for judgment on the pleadings.

**United States District Court**
For the Northern District of California

**ANALYSIS**

FRCP 12(c) allows for a party to move for judgment on the pleadings when the moving party is entitled to judgment as a matter of law. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Plaintiff moves based on 28 U.S.C. 2201, seeking a declaration that it has no contractual obligation under the insurance policy to defend or indemnify defendants in the underlying actions. Specifically, plaintiff claims that the policy does not insure defendants against liability for alleged malfeasance in the management of investment funds. Defendants oppose the motion by asserting that the underlying actions raise sufficient allegations and claims that fall under the policy to entitle them to coverage.

**A.    CHOICE OF LAW**

In a diversity case, as we have here, a district court must apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In applying California's choice-of-law principles, California law governs determination of this motion. *See Wash. Mut. Bank v. Superior Ct.*, 24 Cal. 4th 906, 919 (2001). The insurance policy in the instant action does not contain any choice-of-law provision that conflicts with this rule, and the parties apply California law in their briefs.

**B.    PRINCIPLES FOR DETERMINING COVERAGE UNDER CALIFORNIA LAW**

The insured has the initial burden of proof to show that an act is covered by the policy. Once the insured shows that an event falls within the scope of the basic coverage of the policy, the burden shifts to the insurer who then "has the burden of proving that an otherwise covered claim is barred by a policy exclusion. [I]n an action [in which] none of the claims is even potentially covered, the insurer does not have a duty to defend." *Davis v. Farmers Ins. Group*, 134 Cal. App. 4th 100, 104 (2005) (citation omitted). Whether a claim is potentially covered is a question of contract interpretation — *i.e.*, interpretation of the terms of the insurance policy — and the applicability of those terms to the allegations in the underlying complaint. The California Supreme Court has summarized:

> An insurer must defend its insured against claims that create a *potential* for indemnity under the policy. . . . [T]hat the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to

defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability.

*Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654–55 (2005) (italics in original; citations omitted).  To afford the greatest possible protection to the insured, "exclusionary clauses are interpreted narrowly against the insurer."  *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 648 (2003) (citation omitted).  An insured, however, "is not entitled to a defense just because one can imagine some additional facts which would create the potential for coverage . . . '[T]he insured may not speculate about unpled third party claims to manufacture coverage.'"  *Friedman Prof. Mgmt. Co., Inc. v. Norcal Mut. Ins. Co.*, 120 Cal. App. 4th 17, 35 (2004) (citation omitted).

**C.      THERE IS POTENTIAL COVERAGE**

Application of the terms of the insurance policy to the claims in the underlying complaints pursuant to these principles shows that there is potential for coverage herein.

For example, the Zadik, Strouzas, McCarty, and Stevens lawsuits — which contain nearly identical claims — allege negligent conduct in performance of professional services as defined by the policy (Amd. Compl. Exhs. C and I–K).  In these complaints, claims for breach of contract allege that defendants failed to "protect, safeguard and invest [] funds pursuant to certain investment criteria" and to allow investors to "withdraw [] funds 'on as little as one week's notice and assuredly on 30 days notice.'"  Claims for negligent misrepresentation allege that defendants induced investors to "give possession, custody and control of [their] money."  Claims for breach of fiduciary duty allege that defendants owed investors "the duty to disclose reasonably obtainable material information regarding defendant's deviation from defendant's investment criteria."  These are examples of claims that are covered as "any actual or alleged negligent act, negligent error, or negligent omission, committed, omitted, or attempted . . . solely in [defendants'] performance of professional services," including "servicing," which is defined as conduct "on behalf of others pursuant to a written contract for a fee," including "remitting principal and interest to investors owning the loans."  Defendants thus meet their burden to show that there is initial coverage for the above claims.

After initial coverage is shown, the burden shifts to plaintiff to show that these claims fall under a policy exclusion.  The claims just reviewed concerning servicing investments are not

4

necessarily excluded from coverage by the policy exclusions advanced by plaintiff.  Claims such as negligence in failure to remit funds to investors pursuant to contractual obligations are not necessarily excluded.  Plaintiff has not met its burden to show that there is no potential for coverage of the underlying demands and lawsuits under the legal standard reviewed above such that it would be entitled to judgment on the pleadings.

<b>CONCLUSION</b>

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is **DENIED**. The motion hearing on July 14 is **VACATED**, and the case management conference on July 14 is continued from 2:30 p.m. to **3:00 P.M.**

**IT IS SO ORDERED.**

Dated:  July 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5